[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT OF FORECLOSURE BY SALE
Facts
The plaintiff sought to foreclosure certain tax liens on 6 Saltonstal Avenue in New Haven. The testimony presented by the plaintiff shows the outstanding taxes for the tax years 1992 through 2000 inclusive to be $23,275.36. Interest as of August 31, 2002 will be $20,721.34. Liens fees will be $216. The total debt will be $44,212.70.
The defendant appears to concede that a debt is due but calculates that debt in a total amount including interest of $31,466.29.
It appears that for the years in question the property was assessed at $103,730. The evidence establishes that the plaintiffs and defendant reached an agreement, apparently to be effective for the Grand List of October 1, 1992, which would have reduced the assessment to $77,500. The difference in the amounts between the plaintiff and defendant turns on whether the greater or lesser assessment is used in calculating the debt and corresponding interest.
Discussion
The defendant has filed three special defenses which read as follows:
"1. The imposition, validity or amount of the tax liability is significantly less as a result of the parties' agreements to reduce the tax liability. CT Page 10812
 2. The imposition, validity or amount due of the tax liability is significantly less as a result of the parties' agreement to reduce tax liability. In making certain representations which the plaintiff intended the defendant to rely thereon and the defendant did rely to its detriment. The assessment or validity of the underlying tax obligation is called into question.
 3. The allegations of the plaintiff's complaint failed to state a cause of action up which relief can be granted insofar as the assessment or the validity of the underlying obligation is not properly claimed."
The defendant has not challenged its ownership of the premises, the calculation of the debt if the assessment claimed by the City is correct, or the fact that it has paid no part of the debt.
The defendant's special defenses dated September 6, 2000, were stricken by the court without decision (Celotto, J.) by order dated March 1, 2001 upon the plaintiff's motion to strike. The motion argued that the defenses failed to relate to the making, validity or enforcement of the tax lien and otherwise were devoid of factual support. The defendant is now arguing that although its defenses may not be effective to prevent a foreclosure, its agreement with the City should reduce the amount of the debt. The principal of the plaintiff corporation has testified that if the debt is reduced in accordance with the corporation's claims, the back taxes will be paid.
The facts indicate that the defendant and the City agreed to reduce the valuation of the premises as a means of resolving an appeal of the assessment sometime in 1997. In early 1997, the City engaged in settlement negotiations with the defendant and the draft settlement documents were prepared in the corporation counsel's office. Those documents would have provided for a reduction in assessed value of the property to $77,500 effective October 1, 1991. Counsel for BMK filed a withdrawal of the appeal on June 2, 1997 before receiving or reviewing the stipulation for settlement. On November 21 of 1997, counsel for BMK contacted the corporation counsel's office indicating that he had not received settlement documents.
The City takes the position that once the tax appeal had been processed and withdrawn the corporation counsel's office could no longer reduce the valuation because court approval had not been obtained and there was no longer a pending case in which to do so. The defendant admits that the withdrawal was imprudently filed, but claims that this tax foreclosure CT Page 10813 action is a proper venue to correct a perceived inaccuracy.
The City's ability to levy property taxes is strictly controlled and limited by statute. City of Middletown v. PG Enterprises LimitedPartnership, 45 Conn. Sup. 435 (Conn.Sup. July 13, 1998). Connecticut General Statutes § 12-119 provides the exclusive means by which a taxpayer can obtain relief from an excessive assessment as well as the exclusive means by which the assessor may reduce the assessment. Id. That section provides:
 "the Superior Court [not the assessor] shall have the power to grant such relief upon such terms and upon such manner inform as to justice and equity appertains . . . if such assessment is reduced by the court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of the court."
 The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . ." First National Bank v. Kedan, Inc. 1997 WL 325447 (Conn.Super.)
In recognition that a foreclosure action is an equitable proceeding, additional equitable defenses may be asserted as special defenses. However, "equitable defenses to foreclosure actions have only been considered proper when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Id.
In the instant matter, the defendant's special defenses assert a failure to abide by the terms of an agreement which was never implemented. Whether or not the defendant may have or have had some rights to attempt to enforce the agreement in a collateral action is not before the court. The facts before the court show that the assessment of the property in question is the assessment claimed by the City. While the court finds that the City was prepared to lessen the assessment, this intention on the part of the City was never fulfilled. For this reason, the court finds the debt to be $44,212.70.
The court has examined the affidavit of attorney's fees submitted by the plaintiff and exercising its discretion the court has reduced the attorney's fees by $2,000.
Accordingly, the court enters the following judgment:
1. debt: $44,212.70; CT Page 10814
2. Attorney's fee, $14,080.75;
3. Foreclosure by sale;
4. Committee Robert Harrington, Esq.;
5. Date of sale, November 16, 2002 on 11:00 A.M. on the premises;
6. Appraiser, William Esposito, Jr. Appraisal to be returned by November 8, 2002. Address of appraiser, 125 Middle Road, Hamden, Connecticut 06517;
7. Deposit, $6,500 (certified or bank check only) deposit to be forfeited if successful bidder does not close within 30 days of court approval of plan. Plaintiff is not required to make deposit;
8. Advertising, New Haven Register, November 6 and November 10, 2002;
9. Committee to obtain liability insurance for premises on the day of the sale;
10. Committee to place sign on premises on or before October 25, 2002;
11. No fees or expenses to be incurred prior to October 15, 2002;
12. Finding RE property value, $65,000;
13. Terms of the sale may only be changed by order of the court. In the event of a redemption or reopening of the judgment, the plaintiff must ensure the payment of all committee fees and expenses incurred to date.
By the Court,
Kevin E. Booth Judge of the Superior Court